```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


ERIC T. BARBER,                 §
SPN #1909104,                   §
                                §
          Petitioner,           §
                                §
v.                              §     CIVIL ACTION NO. H-05-3541
                                §
TOMMY THOMAS,                   §
                                §
          Respondent.           §
```

## MEMORANDUM OPINION AND ORDER

Eric T. Barber brings this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. He also seeks to file a civil rights complaint under 42 U.S.C. § 1983 against the court where he was convicted. Barber is an inmate of the Harris County Jail. He challenges a felony conviction. This suit will be dismissed for failure to exhaust state remedies.

Barber was convicted of aggravated robbery and sentenced to ten years in prison after entering a guilty plea. State v. Barber, No. 973739 (263rd Dist. Ct. July 28, 2005). He filed an appeal after the trial court denied his motion to withdraw his plea, and he was given a court-appointed attorney. The appeal is pending before the Texas Court of Appeals for the First District of Texas. Barber v. State, No. 01-05-00807-CR (filed Aug. 16, 2005). See

website (http://www.1stcoa.courts.state.tx.us/).  However, Barber complains that the state appellate process is ineffective, and he seeks to have his case transferred to this court.

Under 28 U.S.C. § 2254, a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts.  See Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997).  To exhaust his state remedies, the petitioner must fairly present the substance of his claims to the state courts, and the claims must have been fairly presented to the highest court of the state.  Id. citing Picard v. Connor, 92 S.Ct. 509, 512-13 (1971); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).

In Texas a petitioner satisfies this requirement by filing a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals or, in post-conviction matters, by filing a state application for a writ of habeas corpus in state district court, which forwards the application to the Court of Criminal Appeals.  See TEX. CODE CRIM. PROC. ANN. art. 11.07; Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985).  The Court of Criminal Appeals website (http://www.cca.courts.state.tx.us/) reveals no record that indicates that Barber's allegations have been presented to that court.

The First Court's records reflect that Barber's case is still on appeal.  He cannot seek relief in federal court at this time.

See Emery v. Johnson, 139 F.3d 191, 194 (5th Cir. 1997).  If a federal habeas petition is filed while state remedies are still being pursued, the federal court has the authority to dismiss the federal petition.  Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998).  Moreover, Barber has acknowledged that he is represented by court-appointed counsel on appeal.  Barber's protests that the state appellate process is inadequate does not permit him to circumvent it.  See Graham v. Collins, 94 F.3d 958, 969 (5th Cir. 1996).

The basis for Barber's civil rights claims against the 263rd State District Court is not stated, but it is apparent that he is complaining of his conviction.  Such actions are barred where the state court's judgment has not been overturned.  See Heck v. Humphrey, 114 S.Ct. 2364, 2374 (1994); Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996), citing Serio v. Members of La. Bd. of Pardons, 821 F.2d 1112 (5th Cir. 1987).

Accordingly, this action will be dismissed without prejudice for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by the provisions of 28 U.S.C. § 2254.

Should Barber file a notice of appeal, this court **DENIES** the issuance of a Certificate of Appealability for the reasons stated in this Memorandum Opinion and Order.  28 U.S.C. § 2253; Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

## Conclusion

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. This action is **DISMISSED without prejudice**.

3. A Certificate of Appealability is **DENIED**.

4. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 17th day of February, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE